■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE R. MORGAN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 6, 1988, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and grand larceny in the third degree.

On this appeal, defendant initially contends that his statements of January 22, 1988 were coerced and, therefore, his plea of guilty was a nullity. On April 4, 1988 defendant filed papers *pro se,* contending coercion on the part of the police. His defense counsel, the Public Defender, incorporated a motion to suppress the statements for that reason in his omnibus motion. No hearing was held and no determination was made in regard to the statements, because on April 18, 1988, prior to such hearing, defendant was offered a plea bargain. The record reveals that his attorney clearly and fully explained that defendant could go forward with the pretrial hearings upon his plea of not guilty or plead guilty in exchange for the plea bargain, thereby waiving his right to a *Huntley* hearing. Defendant elected the plea bargain and freely and voluntarily entered a plea of guilty to burglary in the third degree in full satisfaction of a seven-count indictment, and also to the indictment which charged grand larceny in the third degree only.

On June 8, 1988 defendant was sentenced as promised as a second felony offender to concurrent prison terms of 3½ to 7 years. Defendant did not move to vacate his plea or the judgment of conviction. Relief from the consequences of his plea has not, therefore, been preserved on this appeal *(see, People v Bell,* 47 NY2d 839).

Defendant's further claim of denial of effective assistance of counsel is utterly without merit. Counsel explained simply, fully and fairly the effect of such plea and the rights that defendant was waiving thereby. In our view, defendant knowingly and willingly accepted the plea offer which, in the circumstances, was favorable to his personal interests.

In these circumstances the sentence imposed was fully

justified and was neither harsh nor excessive. The judgment of conviction should, therefore, be affirmed in all respects.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.